IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| SHELLY OLIVA, )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>INFINITE ENERGY, INC., )<br>  Defendant. )<br>_____) | No.:1-11-CV-232-MP-GRJ |

## DEFENDANT'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.     PRELIMINARY STATEMENT

Defendant, Infinite Energy, Inc. ("Infinite Energy") opposes Plaintiff's Motion for Partial Summary Judgment for the reasons set forth below. Plaintiff's Motion for Partial Summary Judgment should be denied in its entirety because more than sufficient evidence exists to show that significant issues of material fact exist with respect to Plaintiff's Fair Labor Standards Act (FLSA) claim alleging she was a non-exempt employee who worked in excess of forty hours in a workweek. For all of the reasons that follow, this Court should deny Plaintiff's motion.

### II.     SUMMARY JUDGMENT STANDARD

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Further, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Moreover, the Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). Therefore, if a dispute about a material fact is genuine then summary judgment is inappropriate when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990).

### III. ARGUMENT

#### A. DEFENDANT HAS PRODUCED SUFFICIENT FACTS THAT A REASONABLE JURY COULD FIND THE COLLECTORS IT EMPLOYED WERE ADMINISTRATIVELY EXEMPT UNDER THE FLSA.

At issue is whether Plaintiff was entitled to be paid overtime wages for any work allegedly performed in excess of forty hours because she was a non-exempt employee as a matter of law. "As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week." Avery v. City of Talladega, 24 F.3rd 1337, 1340 (11th Cir. 1994) citing 29 U.S.C.A. § 207(a)(1). The FLSA exempts from overtime any employee employed in a bona fide administrative capacity. Id. citing 29 U.S.C.A. § 213(a)(1). The employer bears the burden of proving the exemption, and exemptions are construed narrowly against the employer. Id. The three requirements for administrative exemption as set forth in the Code of Federal Regulations are:

(1) The employee must be compensated on a salary basis of not less than $455 per week;
(2) The employee's primary duty is the performance of office or non-manual work directly related to management or general business operations of the employer or the employer's customers; and
(3) The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. It should be noted that Plaintiff's Motion for Partial Summary Judgment does not challenge whether Defendant can establish element two of the administrative exemption, and thus will not be addressed in any further detail.

### (i). GENUINE FACTS EXIST TO SATISY ELEMENT ONE OF THE ADMINISTRATIVE EXEMPTION THAT PLAINTIFF WAS PAID MORE THAN $455 PER WEEK ON A "SALARY BASIS."

PLAINTIFF'S "UNDISPUTED" FACTS:

1. Plaintiff's pay was sometimes docked for partial day absences. P's Ex. A at ¶ 5. (P's Statement of Undisputed Facts at ¶ 3).

2. Plaintiff attached pay stubs to her Affidavit to show that her pay fluctuated from week to week although she was supposed to have been paid on a salary basis. P's Ex. A at ¶ 5. (P's Statement of Undisputed Facts at ¶ 3).

DEFENDANT'S DISPUTED FACTS:

1. Plaintiff salary was more than $455 per week throughout her entire employment with Infinite Energy. D's Ex. A at ¶ 7.

2. Plaintiff's base salary was never docked for a partial day absence at any time, including those times when she had exhausted all vacation, sick or personal time available. D's Ex. A at ¶ 9.

3. Any variance in the amount of Plaintiff's pay checks was due to rounding differences and bonus payments. D's Ex. A at ¶ 8.

4. Infinite Energy has an unambiguous written policy in its Employee Handbook prohibiting deductions for partial day absences of salaried employees. D's Ex. A at ¶ 11.

For the first requirement of the administrative exemption, "an employee will be considered to be paid on a "salary basis" within the meaning of the regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in quality or *quantity* of work performed." 29 C.F.R. § 541.602(a) (emphasis added). Although the regulations allow an employer to make deductions from pay when an employee is absent for a day or more for personal reasons, sickness, or disability, without affecting the employee's salaried status under the exemption, deductions for absences of less than one day when the employee does not have vacation, sick, or personal leave available is not one of the allowable deductions. 29 C.F.R. § 541.602(b); also see Friedman v. South Florida Psychiatric Associates, 139 Fed Appx. 183, 185 (11th Cir. 2005). The regulations set out factors to consider in determining the effect of an employer's improper deduction which include, but are not limited to: "the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline, the time period during which the employer made the improper deductions,..., and whether the employer has *a clearly communicated policy* permitting or *prohibiting improper deductions.*" 29 C.F.R. § 541.603(a)(emphasis added). Moreover, an employer's actual policy on deductions for partial day absences may be the main focus in determining whether an employee's administrative exemption status is jeopardized because of improper deductions. Mich. Ass'n of Gov't Employees v. Mich. Dept. of Corr., 992 F.2d 82, 86 (6th Cir 1993) (finding that employer's ambiguous policy on compensation reduction did not disqualify employees from exempt status and noting the actual application of a policy may be less relevant where the policy language is unambiguous.)

Summary judgment should be denied because Defendant has produced sufficient disputable facts to support its burden that Plaintiff was paid over $455 per week on a "salary basis," satisfying the first element of the administrative exemption. It is uncontroverted that Plaintiff's base salary was more than $455 per week. (D's Ex. A at ¶ 7). Furthermore, Defendant denies that it ever improperly docked Plaintiff's pay for a partial day absence and in fact has an unambiguous policy against such partial day deductions for its salaried employees. (D's Ex. A at ¶ 9 & ¶ 11.) Therefore, viewing the evidence in the light most favorable to the Defendant, any evidence to the contrary should be resolved by a jury.

   (ii). **GENUINE FACTS EXIST TO SATISY THE THIRD ELEMENT OF THE ADMINISTRATIVE EXEMPTION THAT PLAINTIFF EXERCISED DISCRETION AND INDEPENDENT JUDGMENT WITH REGARD TO MATTERS OF SIGNIFICANCE.**

PLAINTIFF'S "UNDISPUTED" FACTS:

1. Plaintiff alleges that the in-house collectors employed by Infinite Energy did not exercise sufficient discretion and independent judgment with respect to matters of significance in order to satisfy the third requirement of the administrative exemption. (P's Statement of Undisputed Facts at ¶ 5-19).

DEFENDANT'S DISPUTED FACTS:

1. Collectors handled accounts with significant dollar values ranging up to tens of thousands of dollars and Plaintiff testified at deposition that she personally collected over one hundred thousand dollars on behalf of Infinite Energy. Staton Depo, P's Ex. C, page 41, lines 4-7; Oliva Depo. P Ex. F page 28, lines 24-25, page 29, lines 1-8.

2. Collectors had discretion and independent authority to determine whether a delinquent customer's gas would be switched back to the utility and potentially disconnected from

service, or remain with Infinite Energy as its gas provider on a payment arrangement. Staton Depo, P's Ex. C, page 44, lines 2-25 – page 45, lines 1-6; also see Oliva Depo. P Ex. F page 33, lines 21-25, page 34, lines 1-19.

3. Collectors had discretion and independent authority to negotiate payment arrangements with customers over periods ranging anywhere from 2 weeks to six months. Staton Depo, P's Ex. C, page 29, lines15 - 25-page 32, lines1-6; also see Oliva Depo. P Ex. F page 36, line 25, page 37, lines 1-16, page 39, lines 4-11.

4. Plaintiff exercised independent decision making authority by sending delinquent customer's account to Infinite Energy's legal department. Oliva Depo. P Ex. F page 42, lines 24-25, page 43, line 1-3.

5. Collectors had discretion and independent authority in arranging their daily work flow, including, but not limited to, how many customers to contact daily, when to contact customers, how to contact customers. Staton Depo, P's Ex. C, page 43, lines 3-7; Oliva Depo. P Ex. F page 44, lines 5-11, page 45, lines 9-12.

6. Specifically, collectors had discretion and independent authority to determine what method of either phone, email, or fax they would use to contact customers. Oliva Depo. P Ex. F page 32, lines 11-13; also see Staton Depo, P's Ex. C, page 22, lines 24-25.

7. Plaintiff had authority to speak for Infinite Energy when dealing with its customers. Staton Depo, P's Ex. C, page 22, lines 24-25.

8. Although Infinite Energy had a separate customer service department to handle customer complaints, collectors at Infinite Energy occasionally handled customer complaints. McDonald Depo, P's Ex. D, page 16, lines 4-17; Staton Depo, P's Ex. C, page 24, lines 6-10; page 25, lines14 -17.

9. Plaintiff had discretion and independent authority to waive customer late fees. Staton Depo, P's Ex. C, page 29, line 25 – page 30, lines 1-6.

With regard to the third requirement of the administrative exemption, the exercise of discretion and independent judgment involves the comparison and evaluation of possible course of conduct, and acting or making a decision after the various possibilities have been considered. 29 C.F.R. § 541.202(a). The regulations set out several factors to consider in determining whether an employee exercises discretion and independent judgment with respect to matters of significance including, but not limited to:

> (1)"whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; (2) whether the employee carries out major assignments in conducting the operations of the business; (3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; (4) whether the employee has authority to commit the employer in matters that have significant financial impact; (5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval; (6) whether the employee has authority to negotiate and bind the company on significant matters; (7) whether the employee provides consultation or expert advice to management; (8) whether the employee is involved in planning long- or short-term business objectives; (9) whether the employee investigates and resolves matters of significance on behalf of management; and (10) whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances."

29 C.F.R. § 541.202(b). "Federal courts generally find that employees who meet at least two or three of the foregoing factors are exercising discretion and independent judgment, although a case-by-case analysis is required." 69 Fed. Register 22143 through 22144, Apr. 23, 2004. Furthermore, the regulations provide that an employee "can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review." 29 C.F.R. § 541.202(c).

In a factually similar case and procedural posture to this one, Dole v. Diversified Collection Services, Inc., involved collectors who filed an FLSA overtime claim under 29 U.S.C.A. § 207(a)(1) and were seeking summary judgment where the corporate employer contended the collectors satisfied the administrative exemption under 29 U.S.C.A. § 213(a)(1). Dole, 1990 U.S. Dist. Lexis 14115 (U.S. Dist. Ct. N.D. Ill., ED, Oct. 23, 1990). In a well reasoned decision, the U.S. Dist. Court for the N. Dist of Illinois rejected the collectors' motion for summary judgment because material facts existed concerning the applicability of the administrative exemption. Id. at 9. The Court in Dole found a genuine issue of material fact concerning whether the collectors' exercised discretion and independent judgment with respect to matters of significance for satisfaction of requirement three under the administrative exemption. Id. at 13-14. The collectors in Dole were provided large amounts of training material by their employer and used scripted approaches in dealing with customers, yet the Court still found the existence of a genuine issue of material fact concerning whether the collectors exercised discretion and independent judgment. Id. at 16-17. The Court in Dole noted that the collectors independently evaluated each loan, independently decided which methods to employ, negotiated independently with defaulting borrowers, and developed their own techniques. Id. at 17.

Plaintiff in this case cites only two cases in her motion for partial summary judgment which found that collectors did not qualify as administratively exempt, both of which are not binding on this Court. The first case, Haber v. Americana Corp., 378 F.2d 854 (9th Cir. 1967) was identically relied on by the plaintiff in Dole in support of the contention that the administrative exemption does not apply to collectors. Dole, 1990 U.S. Dist. Lexis 14115 at 16. The Court in Dole found Haber unpersuasive based on sound reasoning that the Court in Haber

"failed to discuss the job duties of the employees, the discretion and independent judgment exercised by the employees, or the employer's business or its customers' business." Id. Moreover, Haber was decided primarily on the outdated factor that "no more than twenty percent of the employee's time be spent in nonadministrative work," which is no longer required to satisfy the administrative exemption under the current regulations. Haber, 378 F.2d 854, 857 (9th Cir. 1967); 29 C.F.R. § 541.200. The second case, Gropp v. Education Credit Servs., LLC., is an unpublished opinion that this Court should find unpersuasive because the analysis in Gropp is remarkably incomplete in that it fails to discuss in any detail whether any of the ten factors set out in the federal regulations for determining whether the "exercise of discretion and independent judgment" apply. Gropp, 1998 U.S. Dist. Lexis 6635 (E.D. Va. Apr. 9, 1998); 29 C.F.R. § 541.202(b). All of the other cases cited by Plaintiff that involve a collector making an FLSA claim do not even remotely address whether the employer in those cases qualified for the administrative exemption.

Summary judgment should be denied because Defendant has produced sufficient disputable facts to support its burden that Plaintiff "exercised discretion and independent judgment with respect to matters of significance" to satisfy the third element of the administrative exemption. The Deposition testimony reveals that Infinite Energy's collectors could make decisions on accounts that had significantly high dollar values of hundreds of thousands of dollars, including, but not limited to: (1) independently deciding whether a delinquent customer's services would be cancelled or would remain with Infinite Energy; (2) independently negotiating payment arrangements with delinquent customers for repayment over periods ranging anywhere from two weeks to six months, (3) deciding whether a delinquent customer's account would be sent to Infinite Energy's legal department, (4) independently

evaluating each account and deciding which method of contact to use in trying to collect from the customer, (5) independently arranging their daily work flow, (6) handling customer complaints, and (7) waiving late fees. (Oliva Depo P's Ex. F; Staton Depo P's Ex. C; McDonald Depo P's Ex. D). Viewing the foregoing facts in the light most favorable to the Defendant, a reasonable jury could find that the Defendant satisfied at least two or three of the factors set out in the regulations to satisfy element three of the administrative exemption, particularly the following factors: (3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; (4) whether the employee has authority to commit the employer in matters that have significant financial impact; (6) whether the employee has authority to negotiate and bind the company on significant matters; and (10) whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances."

The application of the administrative exemption is fact intensive and requires a detailed examination of the business and its employees that neither the Department of Labor nor any Court has adequately examined with respect to in-house collectors. The Department of Labor has specifically addressed whether forty-nine different occupations are administratively exempt, and conspicuously absent from that list is the occupation of collector. U.S. Dept. of Labor, Field Operations Handbook, Chp. 22i00-22i49, Nov. 29, 2010. Therefore, viewing the evidence in the light most favorable to the Defendant, genuine issues of fact exist to satisfy the Defendant's position that its in-house collectors exercised discretion and independent judgment with regard to matters of significance; a reasonable jury could find the Plaintiff qualified as administratively exempt, and any evidence to the contrary should be resolved at trial.

### B. PLAINTIFF IS NOT ENTITLED TO A PRESUMPTION OF OVERTIME AS A MATTER OF LAW BASED ON DEFENDANT'S ALLEGED FAILURE TO COMPLY WITH FLSA RECORD KEEPING REQUIREMENTS.

PLAINTIFF'S "UNDISPUTED" FACTS:

1. Plaintiff routinely worked more than 40 hours per week without receiving overtime compensation. (P's Statement of Undisputed Facts at ¶ 2).

2. Defendant has no records that contradict Plaintiff's Affidavit and deposition testimony of the alleged overtime hours she worked. see P's Ex. A at ¶ 8. (P's Statement of Undisputed Facts at ¶ 20-24).

DEFENDANT'S DISPUTED FACTS:

1. Plaintiff has provided inconsistent statements between her deposition testimony and affidavit regarding the amount and extent of overtime hours that she worked. Oliva Depo. P Ex. F page 5, lines 2-25, page 6, lines 1-3, page 18, lines 8 to 15; P's Ex. A at ¶ 8.

2. Plaintiff never made any complaints to her supervisors that she was working overtime hours. Oliva Depo. P Ex. F page 18, lines 18-20; see also McDonald Depo, P's Ex. D, page 57, lines 20-25, page 58, lines 1-7.

3. None of the other eight collectors employed at Infinite Energy worked more than 40 hours per week. Staton Depo, P's Ex. C, page 51, lines 17-20.

4. Defendant can provide accurate estimates of the amount of hours Shelly Oliva actually worked based on data provided in discovery of her daily first and last log on to the Adept System which recorded all of the contacts Shelly Oliva ever had with any account for the entire duration of her employment; first log on and last off of the Verint phone system for

2011 and a portion of 2010, the first and last daily email over the course of her employment, and badge entry swipes for a portion of 2011.

5. An examination of the Adept System, Verint phone system, email, and badge swipe data provided in discovery show that any compensable overtime Shelly Oliva allegedly worked was so minimal and irregular as to be de minimis. Also see Oliva Depo. P Ex. F page 8, lines 2-11, page 12, lines 23-25, page 13, lines 1-11; also see Staton Depo, P's Ex. C, page 73, lines 6-10, lines 22-24, page 75, lines 7-11; see also McDonald Depo, P's Ex. D, page 58, lines 8-12.

6. Generally, collectors should take at least a half-hour for lunch each day, any compensable overtime that Plaintiff allegedly worked should be offset by her non compensable lunch periods, some of which were admittedly used by her to attend chiropractor appointments. Oliva Depo. P Ex. F page 14, lines 15-20, page 15, lines 3-25, page 16, lines 1-6, page 21, lines 1-2; McDonald Depo, P's Ex. D, page 52, lines 3-25, page 55, lines 8-9.

At issue is whether Plaintiff's claim that Infinite Energy allegedly failed to comply with the FLSA record keeping requirements by failing to keep Plaintiff's time records for the last three years entitles her to a presumption that she worked the overtime hours stated in her Affidavit as a matter of law because she was a non-exempt employee.

The Supreme Court has established that an employee bringing a claim for unpaid overtime wages must initially demonstrate that he performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). In instances where accurate records do not exist or adequate evidence of an employee's hours worked do not offer a convincing substitute, "an employee has carried out his burden (1) if he proves that he has in fact performed work for which he was improperly compensated and (2) if he produces

sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Id. If the employee makes out a prima facie case by producing such evidence, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. If the employer fails to meet such burden, a court may award approximate damages based upon the evidence produced by the employee. Id.

Similar to the Plaintiff in this case seeking partial summary judgment for a presumption of the overtime hours she worked based on her affidavits where Infinite Energy allegedly failed to comply with the record keeping requirements of the FLSA, Rossi v. Associated Limousine Services, Inc., involved a plaintiff seeking summary judgment on the issue of whether he worked overtime based on the employee's affidavit where the employer failed to comply with the record keep requirements of the FLSA. Rossi v. Associated Limousine Servs., Inc., 438 F. Supp. 2d 1354, 1364-1366 (S.D. Fla. 2006). Chief Judge Bandstra denied the plaintiff's motion for summary judgment, opining that although plaintiff may ultimately be able to demonstrate the amount of overtime work performed by just and reasonable inference, "any such inference was premature at this time." Id. The Chief Judge found material facts in dispute concerning whether the plaintiff performed overtime work for which he was improperly compensated. Id. The Chief Judge noted the minimal amount of evidence presented while stating that "the precise number of [overtime] hours the plaintiff worked are clearly in dispute and remain unresolved," where plaintiff attested in an affidavit that he worked overtime every week for his employer, without specifying the number of hours worked in any given week; and where the employer "produced manifests, dispatch screens and payroll reports from which it may be possible to determine or *accurately estimate* the number of hours worked by plaintiff. Id. (emphasis added).

Furthermore, the Supreme Court noted in Anderson, that claims for overtime compensation under the FLSA may be disregarded under the de minimis rule "when the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours." Anderson, 328 U.S. at 692 (1946). The Ninth Circuit in Lindow v. United States, applied the de minimis doctrine to an FLSA overtime claim in a case of first impression. Lindow, 738 F.2d 1057, 1062 (9th Cir. 1984). The Ninth Circuit considered three factors in ruling that seven to eight minutes daily of otherwise compensable overtime was de minimis (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work. Id. at 1063. The Ninth Circuit pointed out that there is no precise amount of time that may be denied compensation as de minimis or rigid rule that can be applied with mathematical certainty, but rather common sense must be applied to the facts of each case, while noting that "most courts have found *daily* periods of approximately *10 minutes* de minimis even though otherwise compensable." Id. at 1062 (citing cases)(emphasis added); see Solis v. Security Credit Systems, Inc. 2011 U.S. Dist Lexis 27613, 9-17 (U.S. Dist Ct. W.D.N.Y. Mar. 17, 2011)(finding a genuine issue of material fact existed as to whether the collectors alleged overtime a few minutes a day was so negligible as to be de minimis); also see 29 C.F.R. § 785.47. Additionally, bona fide meal periods are not compensable work time under the FLSA. 29 C.F.R. § 785.47. Generally, thirty minutes or more is long enough for a bona fide meal period, but a shorter period may be long enough under special conditions. Id.

Plaintiff cited two cases in her motion for partial summary judgment in support of her argument that this Court should allow a presumption of the overtime hours she worked based on her affidavits as a matter of law because of Infinite Energy's alleged failure to comply with the

record keeping requirements of the FLSA. The first case, <u>Martin v. Selker Bros., Inc.</u> is distinguishable because the employer in <u>Martin</u> failed to produce any evidence to negate the reasonable inference of overtime hours worked produced by the employees in that case. <u>Martin</u>, 949 F.2d 1286, 1297 (3rd Cir. 1991). The second case, <u>Genarie v. PRD Management, Inc.</u> is procedurally distinguishable because the plaintiff's survived a summary judgment claim by the employer because sufficient facts existed that the plaintiff worked overtime, but it does not stand for the proposition that plaintiffs overtime should be granted as a matter of law. <u>Genarie</u>, 2006 U.S. Dist. Lexis 9705 at 52-57 (U.S. Dist. Ct. D.N.J. Feb. 17, 2006). Furthermore, <u>Genarie</u> is factually distinguishable because it does not address whether the employer produced any evidence to negate the reasonable inference of overtime hours produced by the plaintiff. <u>Id.</u>

Assuming arguendo that Plaintiff did not qualify as administratively exempt and the violation was "willful," entitling Plaintiff to recover three years for unpaid overtime compensation, summary judgment should be denied because Plaintiff has presented insufficient evidence to meet her burden of proof that she worked overtime hours, and viewing the facts in the light most favorable to the Defendant, a reasonable jury could find that Defendant produced adequate records of Plaintiff's actual overtime hours worked and any overtime is de minimis or non compensable. The fact is that none of the other eight collectors employed at Infinite Energy have worked any overtime, yet Plaintiff makes a claim of working over seven hundred hours of overtime without ever complaining to her supervisors in three years, supported only by scant evidence in the form of an <u>Affidavit</u>, and this does not meet her initial burden of demonstrating she worked said overtime hours as a matter of law under the just and reasonable standard set out by the Supreme Court in <u>Anderson</u>. <u>Anderson</u>, 328 U.S. at 687-88 (1946) (Oliva Depo. P Ex. F page 18, lines 18-20; see also McDonald Depo, P's Ex. D, page 57, lines 20-25, page 58, lines 1-

7) (Staton Depo, P's Ex. C, page 52, lines 17-20). Furthermore, the minimal evidence the Plaintiff does produce in her <u>Affidavit</u> to support the amount of overtime she worked is inconsistent with her deposition statements. (Oliva Depo. P Ex. F page 5, lines 2-25, page 6, lines 1-3, page 18, lines 8 to 15; P's Ex. A at ¶ 8). Plaintiff's should not be given any presumption of overtime hours worked on such a minimal record, but rather her overtime hours should be decided by a trier of fact who can evaluate her credibility and the inconsistency after meaningful cross examination.

Moreover, Defendant has produced adequate records to accurately estimate Plaintiff's hours worked. Viewing those records in the light most favorable to the Defendant, by subtracting a conservative estimate of the required 30 minutes a day for non compensable lunches, Plaintiff arguably rarely worked in excess of 40 hours per week, if at all. Furthermore, any hours in excess of forty hours were as minimal as a few minutes a day and so irregular that a genuine issue exists as to whether the alleged overtime was so negligible as to be de minimis and thereby disregarded. <u>Anderson</u>, 328 U.S. at 692 (1946).

### C. PLAINTIFF HAS NOT PRODUCED SUFFICIENT EVIDENCE TO PROVE A "WILLFUL" VIOLATION AS A MATTER OF LAW.

<u>PLAINTIFF'S "UNDISPUTED" FACTS:</u>

1. Infinite Energy willfully violated the FLSA. (P's Statement of Undisputed Facts at ¶ 25-36).

<u>DEFENDANT'S DISPUTED FACTS:</u>

1. Plaintiff did not produce any evidence that Infinite Energy "intentionally" violated the FLSA by allegedly failing to pay her overtime compensation. P's Exhibits A- F.

2. Plaintiff did not produce any evidence that Infinite Energy "knew" that its alleged failure to pay her overtime compensation violated the FLSA. P's Exhibits A-F.

3. Plaintiff did not produce any evidence that Infinite Energy "showed reckless disregard" for whether its alleged failure to pay her overtime compensation violated the FLSA. P's Exhibits A-F.

4. Plaintiff did not produce any evidence that Infinite Energy's alleged violation of the FLSA for failure to pay her overtime compensation was not due to mere negligence. P's Exhibits A-F.

At issue is Plaintiff's claim that Infinite Energy's alleged failure to properly classify her exemption status was a "willful violation" of the FLSA as a matter of law.

The statute of limitations for a FLSA violation for unpaid overtime is two years, but if the claim is one "arising out of a willful violation" then the statute of limitations is extended to three years. 29 U.S.C.A. § 255. The Supreme Court held in McLaughlin v. Richland Shoe Co., that it is the employee's burden to prove that a FLSA violation was willful, and employees must show that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute in order to have the benefit of the three year statute. McLaughlin, 486 U.S. 128, 133-135 (1988); also see Eleventh Circuit Pattern Jury Instruction, 1.7.1 FLSA., Annotations and Comments, Statute of Limitations at page 179 (2005). Furthermore, the Supreme Court instructed that "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." Id. at 133. Additionally, the Supreme Court noted that "willful" is generally understood to refer to conduct that is not merely negligent. Id.

Assuming arguendo that Plaintiff did not qualify as administratively exempt, Defendant's position is that Plaintiff has not met her burden of proof to show a "willful" violation and summary judgment should be denied. Plaintiff's Motion for Partial Summary Judgment inaccurately states that "willfulness has both a subjective and objective component" and

improperly shifts the burden of determining willfulness onto Infinite Energy. (P's Motion for Partial Summary Judgment at ¶ 38-39). Furthermore, all of the cases cited by Plaintiff in her Memorandum of Law, in support of her argument that Infinite Energy's classification of Plaintiff as an exempt employee was a "willful" violation, are all improperly based on the standard for determining "good faith" for purposes of assessing liquidated damages, rather than the standard for determining "willfulness" as explained by the Supreme Court in McLaughlin, consequently all of the Plaintiff's arguments that Infinite Energy's alleged violations were "willful" are without merit. Therefore, summary judgment should be denied on the issue of a "willful" violation.

## IV.  CONCLUSION

The Plaintiff's FLSA claim should be decided at trial because there are material facts to support Defendant's contention that (1) Plaintiff was an administratively exempt employee, (2) Plaintiff did not work any compensable overtime, or if she did it was a de minimis amount, and (3) Defendant did not willfully violate the FLSA overtime provisions. Summary Judgment should be denied on all issues raised in the Plaintiff's motion. For the foregoing reasons, Infinite Energy, respectfully requests the entry of an Order denying Plaintiff's Motion for Partial Summary Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was furnished by CM/ECF and regular U.S. Mail to Matthew Birk, Esquire, Attorney for Plaintiff, 5200 SW 91st Terrace Suite 101, Gainesville, FL 32608, this 19th day of June 2012.

Respectfully submitted by:

/s/ Steffan Alexander
**STEFFAN ALEXANDER**
FL. Bar No.:28792
**A. CORINNE CLEMENTS**
FL. Bar No.: 28884
(352) 313-4321 (ph)
(352) 333-7480 (fx)
7001 SW 24th Avenue
Gainesville, Florida 32607
*Attorneys for Defendant*