IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHELLY OLIVA,  )
individually,  )
  )
    Plaintiff,  )
  )
v.  )   Civil Action No. 1:11-cv-00232MP-GRJ
  )
INFINITE ENERGY, INC., and INFINITE  )
ENERGY HOLDINGS, INC.,  )
  )
    Defendants.  )
_____)

## AMENDED COMPLAINT

COMES NOW the Plaintiff, SHELLY OLIVA, individually ("PLAINTIFF"), and files this Complaint against Defendants, INFINITE ENERGY, INC. and INFINITE ENERGY HOLDINGS, INC. ("DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA") and *Florida Statutes*, Section 443.041.

2. At all material times, PLAINTIFF was a citizen and resident of Newberry, Florida.

3. At all material times, DEFENDANT INFINITE ENERGY, INC. was a Florida for-profit corporation, with its principal place of business at 7001 SW 24th Avenue, Gainesville, Florida 32607.

4. At all material times, DEFENDANT INFINITE ENERGY HOLDINGS, INC. was a Florida for-profit corporation, with its principal place of business at 7001 SW 24th


EXHIBIT B

Avenue, Gainesville, Florida 32607. INFINITE ENERGY, INC. is a wholly owned subsidiary of INFINITE ENERGY HOLDINGS, INC.

## **BACKGROUND**

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq*. PLAINTIFF seeks permanent injunctive relief and damages suffered as the result of that violation.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. On or about May 14, 2008, PLAINTIFF was hired as a Collector to work in DEFENDANTS' Gainesville, Florida office.

8. In connection with that position, PLAINTIFF serviced commercial and residential accounts for DEFENDANTS.

9. At all relevant times, PLAINTIFF was supposed to work four ten hour days per week.

10. DEFENDANTS failed to pay PLAINTIFF for all the time she worked. Instead, DEFENDANTS routinely required PLAINTIFF to work beyond 40 hours per week and failed to pay her for any hours she worked beyond 40 hours per week.

11. Between the time PLAINTIFF was hired and October 13, 2011, PLAINTIFF was routinely required to work more than 40 hours per week without receiving compensation for any hours she worked beyond the 40th hour of each work week.

12. PLAINTIFF'S schedule initially was Tuesday to Friday, from 8:00 a.m. to 6:00 p.m. It later changed to Monday to Thursday, with the same hours.

13. During her time as DEFENDANTS' employee, PLAINTIFF often worked through lunch,

and stayed late, causing her to routinely work in excess of 40 hours per week.

14. The FLSA requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over 40 hours. This is commonly known as "time-and-a-half pay for overtime work."

15. Despite working overtime, PLAINTIFF was never paid time and one-half pay from DEFENDANTS for overtime worked. In fact, PLAINTIFF was not paid at all for any hours she worked beyond 40 hours per week, despite routinely being required to work above 40 hours per week.

16. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF's employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for time actually worked, and for time and one-half pay for overtime worked.

17. DEFENDANTS have willfully, deliberately and intentionally failed to pay PLAINTIFF for time actually worked and for time and one-half overtime wages to PLAINTIFF when she worked over forty hours per week.

18. DEFENDANTS have willfully, deliberately and intentionally sought to have PLAINTIFF waive important rights in violation of the FLSA.

19. PLAINTIFF is, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

21. DEFENDANTS regularly engage in commerce and its employees, including

PLAINTIFF, handled and used materials, which have moved in interstate commerce.

22. At all relevant times, DEFENDANTS were and are "employers" within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and are subject to the provisions of the Act.

23. PLAINTIFF at all relevant times was an employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

24. During the period of time that PLAINTIFF was employed by DEFENDANTS, the PLAINTIFF performed work for which she was not compensated and in addition, overtime work for which no additional compensation was paid to her by DEFENDANTS in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, DEFENDANTS violated §7 of the FLSA by failing to pay time and one-half overtime wages to PLAINTIFF when she was an hourly non-exempt employee who earned overtime pay.

25. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF.

26. DEFENDANTS' failure to compensate PLAINTIFF for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

27. DEFENDANTS' failure to properly administer a scheme of compensation, including, but not limited to, actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

28. DEFENDANTS' failure to compensate PLAINTIFF for all compensable hours was a willful and knowing violation of the FLSA.

29. As a result of DEFENDANTS' willful and knowing failure to properly compensate

PLAINTIFF, PLAINTIFF has suffered substantial delays in receipt of wages owed and damages.

30. DEFENDANTS' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

31. Pursuant to 29 U.S.C. §§207, 216, DEFENDANTS owe PLAINTIFF compensation for unpaid work, compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

32. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANTS from continuing to seek their employees to waive their rights under the FLSA, and, for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**FISHER, BUTTS, SECHREST & WARNER, P.A.**

**Matthew W. Birk**
Florida Bar No.: 92265
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL 32608
(352) 373-5922
(352) 373-5921 FAX
ATTORNEYS FOR PLAINTIFF