UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHELLY OLIVA
individually,

        Plaintiff,

v.                                 Case No.  1:11-cv-232-MP-GRJ

INFINITE ENERGY, INC.,

        Defendant.

_____/

## **ORDER**[1]

     This matter is before the Court on Doc. 122, Plaintiff's Motion For Attorney's Fees And Costs.[2]  Defendant filed a response, Doc. 138,[3] and with the Court's permission, Plaintiff filed a reply. Doc. 147. The matter is therefore ripe for review. For the reasons discussed below Plaintiff is entitled to an award of attorney's fees in the sum of $60,512.50, paralegal/law clerk fees in the sum of $747,50, costs and expenses in the sum of $2,178.50 for a total award in the sum of $63,438.50.        .

### **I.  Background**

     Plaintiff, who was employed by Infinite Energy as a delinquent account collector, sued her former employer alleging violations of the overtime compensation provision of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Although the case was

---

[1] The matter was referred to the undesigned for entry of a final order based upon the consent of the parties. All matters were settled by the parties at mediation except the issue of attorney's fees. Thus, the only issue remaining in the case is the amount of reasonable attorney's fees and costs to be awarded to Plaintiff.

[2] Plaintiff also has filed a memorandum of law in support of the motion for attorney's fees and costs, Doc. 123, and three affidavits. Docs. 124, 125 and 126.

[3] Defendant also filed two affidavits and other supporting documents. Doc. 139.

a fairly straightforward FLSA case, the primary dispute in the case was whether Plaintiff was exempt from the overtime provisions of the FLSA under the administrative exemption. Further – as is typical in most FLSA cases – the parties disputed the amount of overtime hours to which Plaintiff was entitled compensation, if the Court determined that Plaintiff was not exempt. The issue of whether the Plaintiff was exempt was presented to the Court on motions for summary judgment. The Court found that Plaintiff did not fall within the administrative exemption and that the Defendant is liable for liquidated damages for any overtime compensation that is due. The Court, however, denied summary judgment as to the issue of the amount of hours worked by Plaintiff. The matter was set for trial but before the case was tried the parties reached a full and final settlement of all of the claims (other than attorney's fees and costs).

While the issues in the case were typical of many FLSA cases, Defendant and Plaintiff vigorously litigated the case without regard to what was at stake. The Defendant, on the one hand, litigated the case fairly aggressively, which caused the Plaintiff to have to engage in more discovery than might have been necessary. Additionally, the Defendant made few, if any, reasonable overtures to resolve the case until well after the Court had entered summary judgment and only about a month before trial. Plaintiff, on the other hand, appears to have expended an inordinate amount of time litigating a case that had a value of about $10,000.00 to $15,000.00. The time expended by Plaintiff's counsel litigating this case was excessive and does not bear a reasonable relationship to what was at stake in the case or the legal issues involved. In determining the amount of attorney's fees that were reasonable and necessary the Court therefore has had to balance between what Plaintiff was required to do because

of Defendant's aggressive defense and what was reasonable for Plaintiff's counsel to have done taking into account what was at stake and the legal issues involved.

Plaintiff seeks a total of $306,310 for attorney's fees, $2,970 for paralegal fees and costs in the amount of $4,338.95. The amount of attorney's fees sought includes fees of $105,374 though July 28, 2013 plus 49 additional hours, for a total of $122,524, which amount Plaintiff says should be subject to a multiplier of 2.5.   In support of the request, Plaintiff submitted an affidavit by its expert, Michael F. Blakey, a member of the Florida, who opines that $295.00 an hour is a reasonable hourly rate for "attorneys in this area" and for an attorney with the knowledge and experience of Plaintiff's counsel.  Doc. 124. Mr. Blakey goes on to conclude that with minor exceptions Plaintiff's counsel is entitled to recover for all of the time incurred plus an "upward departure."

Defendant argues that the award of attorney's fees should be limited to the amount of $11,630.58 and the award of paralegal fees should be limited to $115, because of Plaintiff's limited success and because Plaintiff's claim for attorney's fees is excessive and includes unnecessary time and an unreasonable amount of time for a case like this. In support of Defendant's position, Defendant has filed the affidavit of its expert, Michael P. Spellman, a labor and employment law attorney who has actively practiced in the Northern District of Florida for the past twenty years. Doc. 139-7.  Mr. Spellman opines that a reasonable hourly rate for an attorney with the experience and qualifications of Plaintiff's counsel in a case like this should fall within a range of not less than $175.00 per hour to a rate of not more than $215.00 per hour.

## II.  DISCUSSION

Section 216(b) of the FLSA provides for an award of reasonable attorney's fees to the prevailing plaintiff. 29 U.S.C.A. § 216 (West); *see Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). There is no issue in this case as to plaintiff's status as the prevailing party and, therefore, there is no issue as to entitlement to fees, only as to the amount of those fees.

The determination of a reasonable fee pursuant to §216(b) lies in the sound discretion of the district court. *Kreager*, 775 F.2d at 1543.  In fee-shifting statutes such as the FLSA, "the lodestar generally is recognized as a reasonable fee." *Peet v. C & S Bldg. Maint. Corp.*, No. 8:07-cv-1762-T-30TGW, 2008 WL 912431, at *1 (M.D. Fla. Apr. 1, 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The Court calculates the "lodestar" by "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*  In making its determination as to whether the requested amount of fees is "reasonable," the Court also considers such factors as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; . . .

4

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.[4]

The lodestar figure—the product of reasonable hours times a reasonable rate—is entitled to a strong presumption of reasonableness, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), although that calculation does not end the inquiry, as other considerations, such as the results obtained, may lead a court to adjust the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### A.    Reasonable Hourly Rate

The first part of the lodestar analysis is to determine the reasonable hourly rates for the hours for which the fee applicant is seeking attorney's fees.

A reasonable hourly rate is the market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. *Norman* 836 F.2d at 1299 (citing *Blum v. Stenson,* 465 U.S. 886, 895–96 n.11 (1984)). The burden of demonstrating the reasonableness of the requested rate rests with the fee applicant, who must offer satisfactory evidence that the requested rate reflects prevailing market rates. *Id.* This evidence may include direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Id.* The weight of such opinion evidence is affected by "the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Id.* The Eleventh Circuit has recognized

---

[4] *Kreager*, 775 F.2d at 1544 n.2  (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

that the Court itself is an expert with regard to the hourly rates charged in the local community. *Id.* at 1303.

Plaintiff's counsel seeks $295 per hour for time incurred through the date of his motion and $350 per hour for additional work he anticipates performing after the motion was filed. While Plaintiff has submitted an affidavit from Michael Blakey – who represents his practice involves labor and employment law and that he has represented several employers in FSLA litigation – Mr. Blakey's affidavit provides no detail as to: (1) Mr. Blakey's years of experience or whether he is familiar with the hourly rates charged by attorney's in FLSA cases; (2) the experience of Plaintiff's counsel, or (3) the breadth of his experience with the rates charged by lawyers of similar skill and experience. Moreover, conspicuously absent from Mr. Blakey's affidavit is any information regarding what he means by "what attorney's in this area typically charge for this type of litigation." Doc. 124, ¶2. The Court is left to guess as to the area Mr. Blakey is referencing. Similarly, Mr. Blakey's statement that "I know of many fee awards that exceed the rate of $295 per hour" is not informative as to the appropriate hourly rate in the relevant legal community because it fails to inform the Court of the relevant legal market where these awards were made and it does not inform the Court as to the type of cases or even whether the qualifications of the attorneys in those cases bear any similarity to the qualifications and experience of Plaintiff's counsel. Accordingly, for these reasons, the Court has discounted the opinion of Mr. Blakey as to the amount of a reasonable hourly rate.

In contrast to the affidavit of Mr. Blakey, the affidavit of Michael Spellman, submitted by Defendant, details Mr. Spellman's more than fifteen years of experience

concentrated in the practice of labor and employment law.  Notably, Mr. Spellman's experience includes litigating FLSA claims in the Northern District of Florida in both the Tallahassee and Gainesville divisions of the Court. As a partner for more than nine years in two firms specializing in labor and employment law, Mr. Spellman represents that he has personal knowledge of the prevailing hourly rates in this practice area in the geographical areas where his firms have practiced, including Gainesville, Florida and the surrounding region.

Mr. Spellman goes on to conclude that in his opinion in order to qualify for an hourly rate of $295.00 per hour, an attorney would have to have objective qualifications reflecting his preeminence in the area of labor and employment law. According to Mr. Spellman, Plaintiff's counsel does not have the experience or qualifications to justify an hourly rate of $295.00 per hour.

The qualifications and experience of Plaintiff's counsel can be summarized as follows.  Plaintiff's counsel began practicing law in 2000 after completing a two year federal judicial clerkship. He practiced with a large regional firm in Philadelphia, Pennsylvania as an associate for approximately ten years. During this time Plaintiff did not specialize in labor or employment law but rather was involved in a "variety of other cases and trials including mass tort, product liability, catastrophic personal injury and wrongful death cases." Doc. 130-7, Ex. B. Plaintiff's counsel worked as an associate with the Gainesville firm of Fisher, Butts, Sechrest & Warner from 2011 until recently when he opened his own firm. It is during this time frame that Plaintiff's counsel concentrated his practice primarily in the labor and employment law area. Thus, while Plaintiff has thirteen years of experience practicing as an attorney only approximately

the last two years has he concentrated in the area of labor and employment law and in particular in litigating FLSA claims. To be sure, Plaintiff's counsel is a well qualified attorney but, as Mr. Spellman points out, not an attorney who has achieved preeminence as a specialist in the area of labor and employment law. There is no question that Plaintiff's counsel has experience litigating in federal court and that he possesses good skills. But, in determining what is a reasonable hourly rate the Court must compare Plaintiff's counsel to lawyers of comparable skills, experience and reputation. An attorney who would command an hourly rate of $295.00 - $350.00 per hour in the North Central Florida legal community would at a minimum have at least ten years experience as a specialist in the area of labor and employment law and not simply ten years of experience as a litigator. Because Plaintiff's counsel only recently began to specialize in FLSA cases the Court concludes that the rate requested by Plaintiff's counsel is well above a reasonable hourly rate for a lawyer, who has not achieved preeminence in labor and employment law matters.

In addition, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). The Court has the benefit of the assessment by other judges of what is a reasonable hourly rate for lawyers with ten years of experience and for lawyers with less than ten years experience who concentrate their practice litigating FLSA cases.

For example, in the Middle District of Florida – which includes Orlando and Tampa, cities in which the hourly rate presumably would be higher than Gainesville –

judges there have determined that a reasonable hourly rate for the services of attorneys in other FLSA cases, like this one, range from a low of $150.00[5] -- $160.00[6] per hour to a high of $250.00 per hour for an experienced partner with more than ten years of experience litigating FLSA cases.[7]

Accordingly, comparing the reasonable hourly rates for attorneys who have comparable experience to Plaintiff – and based upon the Court's very extensive experience with the hourly rates awarded in the North Central Florida legal market for plaintiff's counsel in successful FLSA cases – the Court concludes that a reasonable hourly rate is the sum of $235.00 per hour. This amount is slightly above the high end of the rate Defendant's expert opined should be awarded and is slightly less than the rate other courts have concluded is a reasonable rate for an attorney with ten years of concentrated experience in litigating FLSA cases.

---

[5] Kirby v. JK Lockwood Constr. Co., Inc., No. 8:07-cv-1505-T-17TGW, 2008 WL 4298214, at * 2 (M.D. Fla. Sep. 16, 2008)(J. Kovachevich adopting R&R by J. Wilson)(requested hourly rate reduced from $300.00 to $150.00 in an FLSA case); Wallace v. The Kiwi Group, Inc., 247 F.R.D. 679, 685 (M.D. Fla. 2008)(J. Antoon adopting R&R by J. Spaulding)($300.00 per hour request reduced to $150.00 per hour); Hill v. Chequered Flag Auto Sales, Inc., No. 6:05-cv-1597-ORL-18KRS, 2007 WL 710139, at * 3 (M.D. Fla. Mar. 6, 2007)(J. Sharp adopting R&R by J. Spaulding)($225.00 per hour request reduced to $150.00 per hour).

[6] Hill v. Windsor Redev. Corp., No. 8:08-cv-19-JDW-TGW, 2008 WL 2421105, at * 2 (M.D. Fla. June 13, 2008)(J. Whittemore); Reboucas v. LCM Inv. Group, No. 6:08-cv-280-ORL-28KRS, 2008 WL 4080211 (M.D. Fla. Aug. 28, 2008)(J. Spaulding)($250.00 per hour request reduced to $160.00 per hour) ; Dial v. Little Wagon Errand Servs., Inc., No. 6:07-cv-1072-ORL-28KRS, 2008 WL 227967, at * 4 (M.D. Fla. Jan. 25, 2008)(J. Antoon adopting R&R by J. Spaulding(reducing $300.00 per hour request to $160.00 per hour); King v. FSA Network, Inc., No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at * 3 (M.D. Fla. Oct. 19, 2007)(J. Conway adopting R&R by J. Glazebrook)("Although [the attorney] has substantial experience in FLSA cases, these cases typically are not complex and do not require a high degree of skill to represent the plaintiff... The Court finds that a rate of $160/hour is a reasonable hourly rate ...").

[7] Swisher v. The Finishing Line, Inc., No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at * 7 (M.D. Fla. Sept. 22, 2008)(J. Antoon adopting R&R by J. Kelly); Hill v. Chequered Flag Auto Sales, Inc., 2007 WL 710139, at * 3; Salerno v. Bouchelle Island Dev. Corp., No. 6:05-cv-1841-ORL-31DAB, 2007 WL 113983, at * 2 (M.D. Fla. Jan. 10, 2007)(J. Presnell adopting R&R by J. Baker).

The Court also must briefly address the issue of the reasonable hourly rate for paralegals because Plaintiff has requested paralegal fees in the amount of $2,970, calculated at the rate of $90.00 per hour.

Generally, "[a] prevailing party may be compensated for work done by law clerks or paralegals only to the extent that such work is 'traditionally done by an attorney.'" *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1258 (M.D. Ala. 2000) (quoting *Black v. M.G.A., Inc.*, 51 F. Supp. 2d 1315, 1324 (M.D. Ala. 1999) (quoting *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 (5th Cir. Unit B 1982))); *see also Jenkins,* 491 U.S. at 288, n.10 (1989) ("factual investigation, including locating and interviewing witnesses," among other tasks that might otherwise be performed by a lawyer, may be performed by a paralegal; however, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"). Thus, to the extent that the work performed by the law clerks constitutes legal work, and not purely clerical work, Plaintiff is entitled to award for law clerk time.

Plaintiff's attorney, however, has not cited any authority or supplied any facts to justify a rate of $90 per hour in this case. The only case from this district the Court has discovered which addresses a reasonable hourly rate for law clerks was in a social security case. There the Court accepted $65.00 per hour for law clerk time. *Parker v. Astrue*, 2010 WL 5396108 at *1 (N.D. Fla. Nov. 23, 2010) *report and recommendation adopted*, 2010 WL 5396003 (N.D. Fla. Dec. 23, 2010) Thus, absent sufficient evidence to support the rates sought, the Court will rely on its own expertise in determining a reasonable rate. *See Raimondi v. Zakheim & Lavrar, P.A.*, 2012 WL 1382255 at *6

(M.D. Fla. Apr. 5, 2012) *report and recommendation adopted*, 2012 WL 1382221 (M.D. Fla. Apr. 20, 2012).  In this case, and based upon the Court's experience with the North Central Florida legal market, the Court concludes that a reasonable hourly rate for law clerk time in Gainesville is $65 per hour.

### B.      Reasonable Number of Hours

The second step in determining the lodestar is to assess the reasonable number of hours expended. *Norman*, 836 F.2d at 1302.  The fee applicant bears the burden of documenting the appropriate number of hours. *Id.* at 1303.  Proof of the hours dedicated to the litigation and any corresponding objections must be made with sufficient specificity. *Id.* at 1301.  The Court should exclude hours that are: (1) excessive or otherwise unnecessary; (2) redundant; and (3) spent on discrete and unsuccessful claims. *Id.* at 1301-02.  Fee applicants must exercise "billing judgment." *Hensley*, 461 U.S. at 434. Hours that would be unreasonable to bill to a client are unreasonable billed to one's adversary. *Id.*

The opponent of a fee application has obligations, too. "In order for courts to carry out their duties in this area, objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman,* 836 F.2d at 1301) (internal quotations omitted).

Defendant contends that many of plaintiff attorney's billing entries are for unsuccessful, unnecessary, excessive, and non-legal work and are, therefore, not compensable.  The Court will address these challenges in turn.

## 1. Frivolous or Unsuccessful Claims and Issues

Plaintiff has requested 1.2 hour for filing a motion for default. This time is not recoverable since it apparently resulted from a miscalculation of the two-week extension requested by Defendant, and also because the Motion for Default was never filed. *See Clayton Williams Energy, Inc. v. Orleans Levee Dist.*, 2010 WL 1994865 at *2 (E.D. La. Mar. 31, 2010) *report and recommendation adopted,* 2010 WL 1994873 (E.D. La. May 17, 2010) (striking entries for preparation of motion which, although filed, was marked deficient and was never corrected, raising questions about the need for the motion); *Monsanto Co. v. Pacificorp*, 2006 WL 1128226 at *9 (D. Idaho Apr. 24, 2006) (excluding from the fee award calculation work and time spent preparing a motion for summary judgment which was not filed). Accordingly, 1.2 hours will be deducted for time spent on this work on 12/5/11 and 12/9/11.

Plaintiff also requests 6 hours for work involving a motion to amend the complaint. This time is not recoverable because the Court concludes there does not seem to have been a sound legal argument for adding the holding company, which did not exercise control over Infinite Energy or its employees, nor was there a legitimate strategic purpose, since the already-named Defendant was perfectly capable of satisfying a judgment. *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) (finding that holding company is not employer of employee who worked for subsidiary because "[t]here is no suggestion that [holding company] was responsible for the day-to-day operations of [the subsidiary] or had anything to do with the employees of [subsidiary]").

Accordingly, 6 hours will be deducted for time spent on this work on 5/31/12,

10/26/12, 11/9/12, and 11/13/12.

Defendant also argues that Plaintiff should not be compensated for time involved in litigating the right to jury trial because Plaintiff lost on this issue. The Court disagrees. Although Plaintiff lost on the jury trial demand, Judge Paul, in ruling on Defendant's Motion, noted compelling arguments supporting Plaintiff's position that the jury trial waiver was unenforceable. (Doc. 46 at 21-22.) Thus, the Court concludes that it was necessary for Plaintiff's counsel to oppose the motion and assert arguments, albeit unsuccessfully, in opposition to Defendant's motion to strike the jury trial demand.

### 2. Unnecessary and Excessive Work on Attorney's Fees

Plaintiff has requested 6.6 hours of time spent amending the attorney time records filed in the case. This time is not compensable because it was the result of counsel's failure to comply with the requirements of the scheduling order. Time spent curing counsel's errors would not ordinarily be billed to a client.  Accordingly, 6.6 hours will be deducted for time spent on this work on 5/8/13, 5/10/13, 5/12/13, 5/13/13, and 5/14/13.

Plaintiff requests 1.7 hours for filing attorney time records. These entries are not compensable because the work described (e.g., "prepare notice of filing time records for April") is essentially administrative in nature. *See Machado v. Da Vittorio,LLC*, 2010 WL 2949618, at *3 (S.D. Fla. 2010) ("[w]ork performed 'which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available' is not compensable at a lawyer's rate solely 'because a lawyer does it.'") (quoting *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)).

Accordingly, 1.7 hours will be deducted for time spent on this work.

Defendants also challenge the time Plaintiff's counsel spent preparing his affidavit in support of the fee petition. Prevailing plaintiffs are generally entitled to the time spent preparing fee petitions. *Kennedy v. Avondale Estates, Georgia*, 2007 WL 842125 at *3 (N.D. Ga. Mar. 15, 2007); *see Jean v. Nelson*, 863 F.2d 759, 780 (11th Cir. 1988) *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990) ("This court has already indicated that attorney's fees incurred defending an EAJA award on appeal, or appealing a denial of EAJA fees, are recoverable as part of the final fee award.") (citing *Hudson v. Secretary of Health and Human Services,* 839 F.2d 1453, 1458 n.7 (11th Cir.1988)); *McKelvy v. Metal Container Corp.*, 125 F.R.D. 179, 184 (M.D. Fla. 1989) ("[A]n award of "fees for fees" in an age discrimination suit is plainly allowable."). The affidavit of Plaintiff's counsel was essential to his fee petition, and therefore Plaintiff is entitled to recover the time spent preparing the affidavit. The Court, however, finds that 5.5 hours to prepare the affidavit was excessive and therefore will reduce the time by 2 hours. The same reasoning applies to the time spent preparing the affidavit of Michael Blakey. The Court, therefore will reduce this time by 2 hours.

Plaintiff also claims 44.2 hours for researching a multitude of issues regarding the request for attorney's fees. Although Plaintiff is entitled to fees for researching and preparing the fee petition, 44.2 hours is excessive. Fee petitions in FLSA cases are fairly standard and normally do not require this amount of time. The Court, therefore, concludes that 15 hours in total is reasonable and therefore Plaintiff's fee award will be reduced by 29.2 hours.

### 3. Unnecessary and Redundant Depositions

Plaintiff took a total of 18 depositions, although she only used 4 of the depositions in her motion for summary judgment. In addition Plaintiff took 5 depositions after the close of discovery related to Defendant's records. Neither the number of depositions of Plaintiff's co-workers nor the hours spent in preparation for the individual depositions, which presumably covered much the same ground, has been justified by the Plaintiff's attorney. Although Plaintiff's counsel states that he inquired of Defendant which of Plaintiff's co-workers identified in Defendant's initial disclosures they intended to call at trial as a witness and was told potentially "all of them," such a statement at an early stage of the litigation is not the equivalent of a witness list for trial and does not provide the same impetus for plaintiff to obtain each individual's testimony. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (holding that district court did not abuse its discretion in awarding deposition-related costs because all of the contested depositions were of individuals on opponent's witness list).

While the Court concludes that certainly some of these depositions were appropriate, it was not necessary in this case to depose all of the employee - witnesses. Accordingly, the Court concludes that of the 26 hours claimed the award should be reduced by 10 hours. Sixteen hours to prepare for and conduct the necessary depositions in this case should have been more than sufficient.

### 4.  Excessive Review of Discovery Documents

Defendant challenges a multitude of time entries all of which relate to reviewing discovery documents. Plaintiff's request for 43 hours is clearly excessive. In addition, the entries in question are not generally descriptive enough to determine the total

volume of documents reviewed and, therefore, whether the time spent reviewing them was appropriate. It appears that Plaintiff's attorney reviewed at least 4,000 pages of documents. This number is based on the descriptions of the contents of individual disks in Defendant's document production as containing approximately 1,000 pages, and is based upon the fact that it appears the Defendant produced at least four disks. The generally accepted rule is that associate-level document review can be effectively conducted at a rate of fifty 10-page documents per hour. *See The Sedona Conference Best Practices Commentary on the Use of Search and Information Retrieval Methods in E-Discovery August 2007 Public Comment Version*, 8 Sedona Conf. J. 189, 198 n.13 (2007); *see also* Richard L. Marcus, *The Perils of Privilege: Waiver and the Litigator*, 84 Mich. L. Rev. 1605, 1610 (1986), (noting that 500 pages per hour would be a high rate of speed for privilege review where documents were particularly difficult to screen for privilege (quotations omitted)). Thus, assuming 500 pages per hour, Plaintiff's attorney is entitled to be compensated for at least 8 hours of review, but certainly not the 43 hours requested.   Accordingly, 35 hours will be deducted from the time requested for review of discovery documents.

### 5.  Other Unnecessary, Excessive, and Non-Legal Work

Defendant also challenges a number of individual time entries because the time either involved unnecessary or excessive work or involved non-legal work. The Court will address each of the challenged time entries in turn.

**11/2/11** – .2 hours ("Review email regarding job posting for client's job and posting itself")

The Court concludes that Plaintiff is not entitled to an award for this time because Plaintiff's counsel has not explained in sufficient detail the relationship of this activity to his representation of Plaintiff, nor is that relationship apparent on its face.

**1/4/12** – .1 hours ("Review notice re: 7.1")

This time is not compensable because reviewing the electronic notice of the filing is either entirely unnecessary or at least non-legal in nature.

**3/8/12** – .2 hours ("Review mediation report and invoice for mediation")

Plaintiff is not entitled to this time because at a minimum, time spent reviewing the invoice is non-legal work.

**3/27/12** – .3 hours ("Reviewed notices of deposition")

The Court concludes that reviewing notices of deposition constitutes clerical work that is not compensable in a fee petition. Thus, .3 hours will be deducted from the fee award.

**3/29/12** – .3 hours ("Prepare 4 notices of depositions for defendant's witnesses")

Preparing, as opposed to simply reviewing notices of deposition constitutes legal work and therefore will be included in the fee award.

**3/26/12** – 2.2 hours ("Met with the Olivas to prepare them for their depositions")

Plaintiff's counsel was required to meet with and prepare his client and her husband for their depositions. Accordingly, the Court concludes that the hours billed for this time was reasonable and necessary.

**5/11/12** – .4 hours ("Telephone conference client re: [redacted] records and need to meet face to face")

This time entry does not appear excessive and therefore the Court will include this time in the fee award.

**5/11/12** – .3 hours ("Review Answer and affirmative defenses for purposes of responding to Defendant's threat to seek bench trial")

Although Plaintiff did not prevail on the issue of whether she was entitled to a jury trial, it was not unreasonable to review the answer and affirmative defenses again. The fact that a party does not prevail on an issue does not render the time spent uncompensable. The law is clear that, while time spent on "discrete and unsuccessful claims" is not compensable, *Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (11th Cir.1996), time spent on all claims that arise out of the same course of conduct and share a "common core of fact" is, even if a specific individual claim did not succeed. *Hensley,* 461 U.S. at 435; *Davis v. Locke,* 936 F.2d 1208, 1214 (11th Cir.1991); *Jean v. Nelson,* 863 F.2d 759, 771 (11th Cir.1988); *Popham v. City of Kennesaw,* 820 F.2d 1570, 1578 (11th Cir.1987); *Military Circle Pet Ctr. No. 94 v. Cobb County,* 734 F.Supp. 502, 504 (N.D.Ga.1990).

**5/24/12** – .2 hours ("Discussed tax information with client including annual income")

In the absence of any explanation why Plaintiff's tax information was relevant to this case, this entry will be deducted from the fee award.

**10/23/12** [Should be 10/22/12] – .2 hours ("Researched contact information for A. Sutton [potential witness]")

The Court concludes that this time is compensable. While researching an individual's contact information certainly appears at first blush to be clerical work, the Supreme Court in *Missouri v. Jenkins,* 491 U.S. 274, 288, n.10 (1989), noted that "factual investigation, including locating . . . witnesses" is among the tasks that are compensable as paralegal work, since this "might otherwise be performed by a lawyer and billed at a higher rate."

**11/13/12** – .1 hours ("Review notice re: motion to amend complaint")

Reviewing the electronic filing notice is non-legal work and thus this time is not compensable.

**11/14/12** – .1 hours ("Review notice re: motion for extension of time")

This time is non-legal and thus not compensable.

**4/4/13** – .2 hours ("Telephone call to clerk re: marking exhibits")

This time is not compensable because it is clerical or the type of charge a lawyer would not include in a legal bill. This charge will be deducted from the fee award.

**4/5/13** – 1.5 hours ("Met with law clerks and discussed preparation for trial")

To the extent this time represents trial preparation time the Court concludes that it is compensable.

**4/8/13** – .1 hours ("Review notice re: our filings from Friday")

Reviewing the electronic filing notice is non-legal work and therefore not compensable.

**4/8/13** – .2 hours ("Review docket for IE's filings")

In the absence of any further detail or explanation for this entry the time will be deducted from the fee award.

**5/23/13** – .2 hours ("E-mail from/to client's husband re: Notice of Hearing re: settlement")

This entry appears to be reasonable and not excessive and therefore will be included in the fee award.

**1/3/13** – .2 hours ("Review Notice of Withdrawal")

Reviewing the notice is non-legal work and therefore not compensable.

**1/3/13** – .1 hours ("Review Notice re: action requires on Notice of Withdrawal and review local rules re: need for meeting of counsel.")

This same rationale applies to this entry. It will not be included in the fee award.

**1/4/13** - .1 hours ("Review notice of Withdrawal")

This entry is duplicative of the nearly identical entry from the day before, and constitutes non-legal work. The time will not be included in the fee award.

**3/27/13** – 5 hours ("Review file in preparation for meeting with Def's attorney")

While it is reasonable for counsel to have spent time reviewing the file to prepare for the meeting with Defendant's attorney, five hours is excessive. This time will be reduced by 3 hours so that Plaintiff will be compensated for 2 hours.

**5/3/13** – 5 hours ("Review file in preparation for settlement conference")

Although counsel was required to review the file to prepare for the settlement conference five hours was more than excessive. Accordingly, 4.0 hours will be deducted from the time requested for this work

### 6. Unnecessary and Redundant Legal Research

**5/31/12** – 1.5 hours ("Researched how holiday pay is treated for FLSA purposes")

The treatment of holiday pay under the FLSA was not an issue in this case and therefore this time will not be included in the fee award.

**11/14/12** – 2 hours ("Continued research re: barring defendant from using records re: phone calls and Verint log ins to establish hours plaintiff worked based on failure to keep proper time")

Research regarding whether Defendant's records should be excluded is not compensable because in the Court's summary judgment order the Court rejected Plaintiff's argument that Defendant's records cannot be used by the court in estimating overtime hours worked. Doc. 46 at 15-16. This time is therefore not included in the award.

**4/10/13** – 1.8 hours ("Researched whether it is improper to bring IE's withdrawal of settlement offer to court's attention")

The Court is unaware of any reason this research was necessary and therefore the time is not included in the fee award.

**4/23/13** – .5 hours ("Researched who could be individually liable in connection with this action")

This time is not included in the fee award because a prior motion to add a party had already been denied as untimely (Doc. 62 at 2) and there was no further motion filed.

**4/23/13** – .2 hours ("Researched whether it is too late to amend to add individual directors of corporation")

This research was unnecessary and therefore is not included in the fee award.

**5/7/13** – 2 hours ("Additional research re: inapplicability of half-time damages calculation based in misclassification for purposes of preparing for settlement conference and preparing brief requested by Court")

In view of the fact Plaintiff's attorney already spent two hours researching this issue in April, two hours additional hours on the same issue is excessive and unnecessary. The time will not be included in the fee award.

### 7.  50 Additional Hours at an Hourly Rate of $350

For the reasons discussed above, the Court concludes that a reasonable hourly rate for Plaintiff's attorney should not exceed $235 per hour. The fact that Plaintiff's counsel has increased his billing rate does not change the determination of a reasonable rate for his services.

Plaintiff's attorney requests 30 additional hours for litigating the issue of attorney's fees. As discussed above, Plaintiff is entitled to "fees for fees." *Sheet Metal Workers Int'l Ass'n Local 15, AFL–CIO v. Law Fabrication, LLC,* 237 Fed. Appx. 543, 550 (11th Cir.2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); *see Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir .1990) ("It is well settled that time expended litigating attorney fees is fully compensable."). However, the Court concludes that 10 hours total represents a reasonable amount of time for litigating the fee petition.

Plaintiff's attorney also seeks 15 hours for reviewing and redacting phone records.  This amount is excessive—the time required for this task could have been performed by plaintiff herself or by a non-lawyer employee. This amount will not be included in the fee award.

Finally, Plaintiff's attorney also seeks four hours for filing for approval of the settlement and related matters. The Court concludes that 2 hours should have been more than sufficient time to complete this task.

### 8.   Paralegal Time

Plaintiff claims 33 hours for services performed by law clerks. The law

clerks are identified as University of Florida law students. As discussed above, "[a]

prevailing party may be compensated for work done by law clerks or paralegals only to

the extent that such work is 'traditionally done by an attorney.'" *Miller* , 117 F. Supp. 2d

1247, 1258. The court has reviewed the time entries for law clerks and determines that

21.5 hours will not be allowed because the time does not involve work traditionally

performed by an attorney or it involved work that the Court determined was

unnecessary or redundant even if the work had been performed by an attorney.[8] Thus,

Plaintiff is entitled to an award for 11.5 hours of time performed by law clerks at a rate

of $65.00 per hour for a total of $747.50.

### C.    *Adjustment of the Lodestar*

Having determined both components of the lodestar, the Court still must

consider whether an adjustment to the lodestar should be made for the results

obtained. *Norman*, 836 F.2d at 1302.   "If the result was excellent, then the court should

compensate for all hours reasonably expended." *Id.*   However, even if the results

obtained are exceptional, upward adjustment is not appropriate unless there is specific

evidence in the record to show that the quality of representation was superior to that

which one would reasonably expect in light of the rates claimed. *Blum,* 465 U.S. at 899

(1984). Conversely, if the result was partial or counsel obtained only limited success,

then the lodestar "must be reduced to an amount that is not excessive." *Id.*

In making the above determination, the court is guided by the twelve factors set

---

[8]  The following time entries were excluded form the award: 1.0 hr. - 3/15/13; 2.0 hr.- 3/24/13; .5 hr.- 2/25/13; .5 hr.- 4/5/13; 1.0 hr.- 4/5/13; 3.0 hr.- 4/8/13; 1.0 hr.- 4/11/13; 3.0 hr.- 4/11/13; 1.5 hr. - 4/12/13; 2.0 hr. - 4/12/13; 1.0 hr. - 4/15/13; 2.0 hr. - 4/18/13; 1.0 hr. - 5/3/13; 2.0 hr. - 5/4/13.

out in *Johnson,* 488 F.2d at 717-19 (5th Cir.1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Wright v. Holifield*, 2013 WL 105768 at *2 (S.D. Ala. Jan. 9, 2013). While the district court may consider these factors, it is not required to, as the Supreme Court has recognized that many of the twelve *Johnson* factors are subsumed within the calculation of hours expended and the hourly rate. *Delaware Valley Citizens' Council I,* 478 U.S. at 564.

Plaintiff's attorney requests a multiplier of 2.5, while Defendant proposes a 67% reduction in the lodestar figure. In this case, the *Johnson* factors are, for the most part, either already accounted for in the determination of a reasonable rate, or else their consideration does not compel an adjustment in either direction. This was a straightforward FLSA misclassification case, and the results obtained were not exceptional. Although Plaintiff's counsel represented his client ably and with skill, there is nothing to evidence that the quality of representation was superior to what would be expected in light of the hourly rate of Plaintiff's counsel. Thus, no upward adjustment is warranted.

In support of its position that a downward adjustment is appropriate, Defendant

points to the inclusion of many billing entries with which it already has taken issue as excessive, unnecessary, or redundant, as well as those entries related to issues Defendant contends are unrelated to the FLSA claim. These objections, however, have already been addressed, and those entries determined to be excessive, unnecessary, or redundant have not been included in the fee award. Moreover, Defendant cites no authority supporting a reduction of the lodestar for the inclusion of excessive billing entries in the requested fee.

Defendant also argues that a reduction is appropriate given "Plaintiff's limited success," citing several cases in which courts reduced the lodestar figure in FLSA cases on this basis. Each of the cases cited by Defendant, however, involved either a much more limited success than the recovery that was obtained in this case, or else involved a lodestar figure that was a far greater multiple of the recovery. While a recovery of 27% of the original demand clearly does not warrant an upward adjustment of the lodestar, neither is it so limited or minimal as to justify a downward adjustment.

Defendant also suggests that a reduction of the lodestar is appropriate to "more closely align the attorney's fees awarded to the level of success Plaintiff received," proposing a maximum award approximately equal to the settlement amount. "Given the nature of claims under the FLSA and the remedial purpose of the Act, however, it is not uncommon that the attorneys' fees will exceed the amount recovered by the plaintiff." *Pyczynski v. Kirkland's Stores, Inc.*, 2008 WL 544864 at *5 (M.D. Fla. Feb. 26, 2008). Thus, it would be improper to reduce the fee solely so the fees more closely matched the result.

### D.    Costs And Expenses

The  FLSA provides for an award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). Courts may award as costs those expenses permitted by 28 U.S.C. § 1920; *see Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir.1988). Defendant objects to Plaintiff attorney's costs for depositions taken but not used by Plaintiff in support of a motion.

Taxation of deposition costs is authorized by § 1920(2). *See United States v. Kolesar,* 313 F.2d 835, 837–38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'"). Whether deposition costs are taxable turns on whether the deposition was wholly or partially "'necessarily obtained for use in the case.'" *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2))). The necessity for a deposition "is not alone measured by whether all or any part of its is formally offered in evidence as such." *Kolesar*, 313 F.2d at 840. However, the use to which a deposition is put tends to show whether it was or was not necessarily obtained. *E.E.O.C.*, 213 F.3d at 621.

While each of the depositions may have been "related to an issue which was present in the case at the time the deposition was taken" (*E.E.O.C.*, 213 F.3d at 621) (quoting *Independence Tube Corp.,* 543 F.Supp. at 718)), the fact of the matter is that only the depositions of Robert Thomas, Terrill Staton, Thomas McDonald, Vivian Boza and the Plaintiff were actually used as part of Plaintiff's summary judgment motion. Thus, the cost of these depositions used in Plaintiff's motion for summary judgment will

be included as recoverable costs because those depositions were necessarily obtained for use in the case.

As to Defendant's objections to Plaintiff's costs for "Unspecified legal research" and "Miscellaneous," those costs clearly fall outside the expenses permitted by 28 U.S.C. § 1920. Thus, Plaintiff is not entitled to the costs associated with mediation, parking, and Accurint.

Lastly, Plaintiff's request for nontaxable costs in the amount of $437.75 representing expenses by attorneys and paralegals for travel are not recoverable and therefore are denied.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff is entitled to an award of fees and costs calculated as follows:

### A.    Fees

Plaintiff claims 354.2 hours through the filing of the fee petition and an additional 49 hours for work related to the fee petition and finalizing settlement. The Court has determined that 108.70 hours should be deducted for unnecessary, excessive or redundant work, thus resulting in 245.50 hours that were reasonable and necessary to litigate this case through the date of the fee petition. Additionally, the Court concludes that Plaintiff is entitled to an additional 12 hours for work related to the fee petition and finalizing settlement for a total of 257.50 hours. Plaintiff is therefore entitled to an attorney's fee award in the sum of $60,512.50, representing 257.50 hours at the hourly rate of $235.00 per hour. Plaintiff is also entitled to an award for paralegal/law clerk fees in the sum of $747.50, representing 11.5 hours of work at the rate of $65.00 per hour.

**B.     Costs**

Plaintiff is entitled to a an award of costs in the sum of $ 2178.50, representing the filing fee ($350.00); service of process fee ($40.00), the deposition of Thomas McDonald ($60.00 attendance fee, transcript fee $326.50); deposition of Terrill Staton ($60.00 attendance fee, transcript fee $432.25); deposition of Robert Thomas ($60.00 attendance fee, transcript fee $451.25); deposition of Vivian Boza ($60.00 attendance fee, transcript fee $159.75) and the transcript fee for the Plaintiff ($178.75).

Accordingly, upon due consideration, it is **ORDERED**:

1.     Plaintiff's Motion For Attorney's Fees And Costs, Doc. 122, is **GRANTED** as detailed in this Order.

2.     Plaintiff, Shelly Oliva, shall recover from Defendant, Infinite Energy, Inc. attorney's fees in the sum of $60,512.50, paralegal/law clerk fees in the sum of $747.50, costs in the sum of $2,178.50 for a total of $63,438.50.

3.     Pursuant to the Court's June 12, 2013 Order, Doc. 94, the Clerk is directed to refer this case back to the Honorable Maurice M. Paul for entry of a final judgment covering all aspects of the case.

**DONE AND ORDERED** in Gainesville, Florida, on December 24, 2013.

*/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge